GRAHAM, Judge,
delivered the opinion of the court:
The plaintiff sues to recover certain sums expended by it in the work of partially excavating and grading for a spur track which was to connect one of its branch lines, the Tacoma Eastern Eailroad, with a military camp of the Government, known as Camp Lewis, in Pierce County, Wash., then under construction. After part of the excavating and grading had been done, plaintiff voluntarily discontinued the work and never resumed it. No ties or rails were ever laid on the land excavated and graded.
The camp was being built upon a tract of about 50 acres, near American Lake and near the tracks of the Northern Pacific Eailway, which line at the time plaintiff began construction of the spur was supplying all the transportation needs of said camp. At the time of discontinuance of work three railroads were meeting these needs. It does not appear what right or title the Government had to the 50 acres on which the buildings were erected. It may be assumed for present purposes that it owned the tract. Surrounding these 50 acres was a very much larger tract, some of which was undergoing condemnation proceedings by parties other than the Government. It was proposed, when title to this acreage was acquired, to present it to the Government with the expectation that a permanent military camp would be erected thereon. It is not apparent what, if any, title the Government had acquired in this land at the time the work on this spur was performed or thereafter.
In this situation a representative of plaintiff asked the constructing quartermaster at said camp, whose duties and authority were confined to superintending the construction work, for permission to build the spur into the camp. Pei'mission was granted, with the understanding that he, the constructing quartermaster, did not request, and had no authority to request, the construction, had no authority to, and did not promise, on behalf of the Government, to pay for its construction, and that the parties could not expect to be reimbursed by the Government. With this under *173 standing plaintiff began the work of construction through a contractor, and before the discontinuance thereof had expended certain sums of money which appear in the findings.
Plaintiff is seeking to recover on the basis of a contract with the Government for the construction of this spur. It had no contract with the Government. There is no proof of a contract, either express or implied, on the part of the Government to pay for the construction of the spur. Plaintiff was not requested by any representative of the Government having authority to do so to construct the spur. It took the initiative by requesting permission for its construction. The permission was granted with the understanding, as stated above, that the constructing quartermaster could not request the construction and had no authority to do so, did not promise that the Government would pay for it and had no authority to make such a promise, and that the plaintiff could not expect to be reimbursed by the Government for its expenditures in constructing the spur. No contract has been shown which binds the Government to pay as claimed, and the petition should be dismissed. It is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.